David L. **TAYLOR**, Plaintiff–Appellant,

v.

**STATE FARM INSURANCE COMPANY**, Defendant–Appellee.

No. 01–5248.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before MARTIN, Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

## ORDER

David L. Taylor, proceeding pro se, appeals a district court judgment entered in favor of the defendant in this civil action brought pursuant to the district court's diversity jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Taylor filed suit in Tennessee state court against State Farm Insurance Company ("State Farm") for breach of contract after State Farm rejected his claim for $153,036.80 in compensation for property lost in a fire at the house of Carol Hoskins. State Farm removed the action to federal court and asserted numerous affirmative defenses. Following a bench trial, the district court entered judgment in favor of State Farm, finding that Taylor had breached his duty to cooperate during State Farm's investigation of his claim and that Taylor also had made material misrepresentations after the loss which had voided the policy.

In his appellate brief, Taylor argues that the district court's findings were in error.

This court reviews for clear error the findings of fact made by a district court after a bench trial. *Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co.*, 210 F.3d 672, 683 (6th Cir.2000). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a). The district court's legal conclusions and application of state law are reviewed de novo. *Lincoln Elec. Co.*, 210 F.3d at 683.

■ Upon review, we conclude that the district court properly entered judgment in favor of the defendant for the reasons stated by the district court. Taylor breached the cooperation clause in his insurance policy by failing to provide, or permit State Farm to obtain, copies of the lists of assets he provided to a federal probation office in 1988 and 1992. These financial statements are distinct from the monthly reports to the probation office in which Taylor was merely required to list purchases over $500, rather than pre-existing assets. Taylor's failure to cooperate prejudiced State Farm as he had presented limited documentation of ownership to support a sizable claim. *See Talley v. State Farm Fire and Cas. Co.*, 223 F.3d 323, 327 (6th Cir.2000).

■ Taylor also made material misrepresentations about his loss through affidavits from people who lacked actual knowledge of all of the property described in the affidavits. Review of the record indicates that the affidavits were supplied to State Farm either by Taylor or Carol Hoskins. A material misrepresentation as to any portion of a claim precludes all recovery under the policy. *McConkey v. Continental Ins. Co.*, 713 S.W.2d 901, 906 (Tenn.Ct. App.1984). Thus, State Farm was excused not only from paying the portion of the loss which had been misrepresented, but also from paying any portion of the claim which was not fraudulent.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.